UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELI E. GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>JIM MACDONALD, et al.,<br><br>    Defendants. | Case No. 15-cv-04484-WHO<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED ANSWER** |

**INTRODUCTION**

On March 1, 2017, I granted petitioner's request for an evidentiary hearing to investigate his habeas claim of juror bias. (Dkt. No. 25). Following that order, respondent moved for leave to file an amended answer to the order to show cause, seeking to add a new argument that petitioner's juror bias claim is procedurally defaulted based on a Supreme Court case published after his initial answer was filed. *See* Mot. for Leave (Dkt. No. 30). Respondent further moved for reconsideration of the Order granting an evidentiary hearing because (1) I failed to properly apply AEDPA; and (2) the juror bias claim is procedurally defaulted. Reconsideration Mot. at 1-2 (Dkt. No. 31). The motion for leave to file an amended answer is GRANTED because it is not the product of undue delay, will not cause undue prejudice, and is not futile. Respondent's proposed Amended Answer and Memorandum of Points and Authorities in Support, filed at Dockets 30-1 and 30-2 will be deemed filed as of today. Petitioner will have 30 days from the date of this Order to file an Amended Traverse. I will defer ruling on respondent's motion for reconsideration until after petitioner has had a chance to file his Amended Traverse.

# BACKGROUND[1]

Petitioner is a California state prisoner serving a sentence of 17 years. A jury found him guilty of 15 counts of lewd acts upon a child under the age of 14, under Cal. Penal Code § 288(a) and six counts of contacting or communicating with a minor with the intent to commit a sex offense under Cal. Penal Code § 288.3(a). On direct appeal to the California Court of Appeal, petitioner raised seven claims as grounds for relief but did not raise his juror bias claim. The California Court of Appeal affirmed the conviction, *People v. Garcia*, No. H039212, 2014 WL 3752799 (Cal. App. July 31, 2014) (Pet. Ex. 1), (Dkt. No. 1-1), and on October 15, 2014 the California Supreme Court denied review. *People v. Garcia*, No. S221105 (Cal. Oct. 15, 2014) (en banc) (Pet. Ex. 4), (Dkt. No. 1-1).

While his direct appeal was pending, petitioner filed for habeas relief in the California Court of Appeal, raising his juror bias claim for the first time along with three other claims that he had raised on direct appeal. The petition was denied without comment on July 31, 2014. *In re Garcia*, No. H040599 (Cal. App. July 31, 2014) (Pet. Ex. 2), (Dkt. No. 1-1).

Petitioner filed a petition for habeas corpus with the California Supreme Court on September 29, 2014, raising only his juror bias claim and his related ineffective assistance of counsel claim as grounds for relief. The California Supreme Court denied the petition on December 17, 2014, stating only "The petition for writ of habeas corpus is denied" and citing *People v. Duvall* (1995) 9 Cal.4th 464, 474; and *In re Dixon* (1953) 41 Cal.2d 756, 759. *See In re Garcia*, No. S221537 (Cal. Dec. 17, 2014) (en banc) (Pet. Ex. 5), (Dkt. No. 1-1).

Petitioner filed his petition for habeas corpus in federal court on September 29, 2015, raising all eight claims for relief that he had raised on direct appeal and in his state habeas petitions, including his juror bias claim. *See* Pet. (Dkt. No. 1). Respondent filed his answer on April 1, 2016. *See* Answer (Dkt. No. 14).

---

[1] My March 1, 2017 Order includes a detailed factual background of petitioner's trial that I will not repeat here. A more limited factual and procedural background relevant to the pending motion for leave to amend follows.

On May 31, 2016, the Supreme Court decided *Johnson v. Lee*, 136 S.Ct. 1802 (2016), in which it reversed a prior Ninth Circuit decision and held that California's *Dixon* bar is a well-established and regularly followed state procedural bar that is adequate to bar federal habeas review. *Lee*, 136 S.Ct. at 1805.

Petitioner filed his traverse on June 30, 2016. Traverse (Dkt. No. 22). I granted petitioner's request for an evidentiary hearing on his juror bias claim on March 1, 2017 and denied his remaining claims for habeas relief. *See* Dkt. No. 25. On March 14, 2017 I held a status conference with the parties to discuss the scheduling and briefing related to the evidentiary hearing. *See* Dkt. No. 28. At that hearing, counsel for respondent indicated her intent to file a motion for leave to file an Amended Answer to assert the affirmative defense that petitioner's juror bias claim is procedurally barred under *Dixon*. She further requested leave to file a motion for reconsideration on the basis of the new *Dixon* claim and on the basis that I had not applied the proper AEDPA standard. I granted respondent leave to file a motion for reconsideration and respondent subsequently filed the pending motions.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading to add an affirmative defense with leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In assessing whether leave is appropriate, courts generally consider five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the moving party has previously amended its pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "It is common practice to allow [parties] to amend their pleadings to accommodate changes in the law." *Doe I v. Nestle USA, Inc.*, 766 F.3d 1013, 1028 (9th Cir. 2014).

**DISCUSSION**

Respondent asserts that leave to amend is appropriate because he could not assert his *Dixon* bar defense at the time he filed his original answer. Mot. for Leave at 3. He explains that under the prevailing Ninth Circuit precedent at the time, *Dixon* was not an adequate procedural bar. He argues that the Supreme Court's decision in *Lee*, which reversed the Ninth Circuit's

3

ruling and established that *Dixon* is an adequate procedural bar, is a material change in the controlling law and justifies granting him leave to amend. Petitioner responds that (1) respondent was not diligent in moving for leave; (2) amendment would prejudice him; and (3) amendment would be futile. Leave Oppo. at 1 (Dkt. No. 32).

### A. Undue Delay

Petitioner asserts that respondent unduly delayed in moving for leave because he waited more than nine months after the decision in *Lee* to seek leave to amend. Leave Oppo. at 3. He notes that the Ninth Circuit has held that "an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). He argues that respondent could have moved for leave before the traverse was filed, in the eight months between when the traverse was filed and when I ruled on the petition, and in the joint statement the parties filed before the case management conference held on March 14, 2017 but failed to do so.

Respondent answers that he raised the issue at the earliest practicable time, given the constraints placed on the California Attorney General's Office and the number of habeas proceedings in which the office is currently involved. Leave Reply at 2 (Dkt. No. 36). He asserts that it was not feasible for the Attorney General's Office to identify this issue during the intervening nine months, which would have required "[c]ombing through its vast caseload to search for cases in which to raise a procedural default defense based on the *Dixon* bar," and that, given the constraints on the office, it "raise[s] issues such as these as they come up, be it at the next briefing opportunity, the next court appearance, or upon review of a court decision." *Id.*

Given the numerous habeas cases in which the California Attorney General's Office is involved and its limited resources as a government agency, I conclude that respondent did not unduly delay in bringing this motion for leave and instead raised it at the earliest time that it realistically could.

### B. Prejudice to Petitioner

Petitioner asserts that he would be prejudiced by amendment because respondent's new claim would require him to prepare an additional defense, delay the proceedings, and require

4

petitioner to incur additional litigation expenses. Leave Oppo. at 5. He points to *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990), in which the Ninth Circuit upheld a district court's decision to deny leave to permit a plaintiff to add new claims that "would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense." He asserts that procedural default rules are an "endless morass" of confusing and conflicting rules that can delay litigation for years and highlights that, if I were to conclude that respondent's procedural default claim applies, he would have to prepare additional arguments explaining why petitioner can nevertheless overcome the procedural bar. Leave Oppo. at 5.

While it appears that amendment would result in some prejudice to petitioner, it would not "greatly alter[]" the nature of these proceedings. Unlike the plaintiffs in *Rose*, respondent does not seek to add new and substantively different claims, but to assert a procedural bar defense that it previously could not assert under, now-reversed Ninth Circuit precedent. In *Lee*, the Supreme Court held that *Dixon* is an adequate procedural bar that was firmly established and regularly followed at the time of Lee's 1999 procedural default. *Lee*, 136 S. Ct. at 1805. Based on the Court's holding in *Lee*, the *Dixon* bar must also have been well-established during all of petitioner's proceedings which began over a decade after Lee's. Accordingly, petitioner should have been aware of a possible *Dixon* bar claim prior to and during the entire pendency of his proceedings. The assertion of the *Dixon* bar now does not fundamentally change the nature of these proceedings even though respondent did not assert it in his original Answer.

While the addition of a new defense may cause some delay in these proceedings and, if applicable, will require petitioner to prepare additional responses, this prejudice is relatively minimal. The financial burden to petitioner is also minimal as he is being represented by court appointed counsel. Leave to amend will not cause undue prejudice to petitioner.

**C.  Futility**

Finally, petitioner asserts that amendment would be futile. He argues that the *Dixon* bar does not apply to his juror bias claim because the California Supreme Court's decision, which cited both *Dixon* and *Duvall* and resolved both petitioner's juror bias and related ineffective

5

1 assistance claims, was ambiguous because it did not make clear which case it intended to apply to
2 which claim. The parties agree that a citation to *Duvall* reflects a decision on the merits and is not
3 a procedural bar. Given the ambiguity, and given that *Duvall* reflects a merits decision, petitioner
4 asserts that I should presume that there was no procedural bar. *See Colman v. Thompson*, 501
5 U.S. 722, 33 (1991). Respondent acknowledges some ambiguity in the state court decision but
6 asserts that this ambiguity can be resolved.

While petitioner has raised a plausible argument that the *Dixon* bar does not apply to his juror bias claim, respondent's *Dixon* bar defense is not futile on its face. If *Dixon* does apply, it would preclude federal review of petitioner's juror bias claim unless he can demonstrate cause and prejudice. Given the potentially dispositive effect of the *Dixon* bar claim, and its facial plausibility, I conclude that the claim is not clearly futile so as to preclude amendment. Respondent should be permitted to amend his answer to add this affirmative defense. The merits of respondent's *Dixon* bar argument, and petitioner's arguments against it, are more appropriately addressed in resolving respondent's motion for reconsideration.

## CONCLUSION

Respondent did not unduly delay in seeking leave to amend, amendment would not unduly prejudice petitioner, and respondent's *Dixon* bar claim is not clearly futile. As courts "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), respondent's motion for leave to file his Amended Answer is GRANTED. Petitioner will have 30 days from the date of this order to file an Amended Traverse.

**IT IS SO ORDERED.**

Dated: June 15, 2017

William H. Orrick
United States District Judge